**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITY OF ELYRIA, OHIO, et al.,** | ) | **CASE NO. 1:03CV2079** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **YORK INTERNATIONAL CORP.**, | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants**. | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant York International Corporation ("York"). For the reasons that follow, the Motion to Dismiss is granted as to the following claims: the individual plaintiffs, the Lorain County Auditor Mark R. Stewart and the Lorain County Treasurer Daniel J. Talarek; the unjust enrichment claim; relief in the form of previously-abated taxes sought in Counts II, III, and IV; and the prayer for punitive damages. The Motion to Dismiss is denied as to the breach of contract claims and the alternative claim for detrimental reliance.

## **I. FACTUAL BACKGROUND**

On April 16, 1991, the City of Elyria ("Elyria") passed Ordinance No. 91-71 identifying the new Elyria Enterprise Zone. Elyria and York entered into the first Enterprise Zone Agreement on September 6, 1991 and then entered into the second Enterprise Zone Agreement on December 30, 1993. Both agreements spoke of ten-year "projects", with certain levels of capital investment, personal property, and employment to be accomplished and/or maintained in exchange for tax abatements. Exhibit D to both agreements provided a table of penalties in the form of reduced tax abatement percentages for any tax year in which the required employment levels were not met. In August of 2001, York decided to shut down and move its operations to Wichita, Kansas. Elyria reacted by declaring the 1991 Agreement null and void and by joining the Elyria City School District and the Lorain County Board of Commissioners in filing the instant lawsuit. Plaintiffs have asserted claims of breach of contract, detrimental reliance and unjust enrichment and have sought compensatory and punitive damages. York moves to dismiss all of the claims, contending that there was no breach of contract; that the Elyria City School District and the Lorain County Board of Commissioners are not intended third-party beneficiaries of the Enterprise Zone Agreements; that there can be no detrimental reliance upon promises beyond the Agreements themselves; that there can be no unjust enrichment; that the statute of limitations bars recovery of previously-abated taxes; that the elements of punitive damages have not been properly plead; and that the Auditor and Treasurer lack standing as plaintiffs and have no individual claims against York.

## **II. LAW AND ANALYSIS**

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Roth Steel Products v. Sharon Steel Co.* 705 F. 2d 134, 155 (6th Cir. 1983). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957). If no set of facts can be proved consistent with the allegations in the complaint, then the "claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U. S. 319, 327 (1989).

**AUDITOR STEWART AND TREASURER TALAREK**

The Lorain County Auditor and Treasurer are named plaintiffs in the within lawsuit. In their capacities as elected officials, the Auditor calculates and assesses taxes and the Treasurer collects the taxes which could be generated in the enterprise zone. Neither was a signatory to the Agreements and neither has a personal stake in this controversy. The Court agrees that these individuals lack standing to sue; and they are, therefore, dismissed from this action. *State ex rel. Dallman v. Franklin Cty Court of Common Pleas*, 35 Ohio St. 2d 176, 178-179 (1973).

**BREACH OF 1993 ENTERPRISE ZONE AGREEMENT**

Ohio Revised Code Section 5709.62 (D), as it existed at the time of the Agreement, provides that the . . . "legislative authority may take any action available to a party to a contract to obtain compliance with the agreement." Thus, the City of Elyria is authorized to seek contractual remedies.

York asserts that a suit for breach cannot lie because the 1993 Agreement itself provides the remedy of the reduction of tax abatements if York fails to maintain its part of the bargain. First of all, plaintiffs point out that tax abatements are meaningless once the company has pulled out of Elyria and has ceased operations. In fact, the validity of the employment/abatement adjustment formula depends upon continuing plant operations. Secondly, York believes that there cannot be a breach when the Agreement terms themselves contemplate situations in which employment levels are reduced. However, what occurred here is more than a reduction in the employee work force. The plant shut its doors and moved to Kansas. When considering a motion to dismiss, a court must give meaning "to every paragraph, clause, phrase and word". *Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp.*, 16 F. 3d 684, 686 (6th Cir. 1994). The City of Elyria shall be allowed to argue its right to a legal remedy if it can establish that a total shutdown is the equivalent of a breach. A motion for summary judgment would be more appropriate for this analysis than a motion to dismiss. Additionally, the Federal Rule 56 procedure would permit York the opportunity to show that it may have been justified in making the business decision it made and that Elyria may have suffered an injury for which there is no compensation.

Another argument for sustaining the breach of contract claim is found in Paragraph 9 of both the 1991 and 1993 Agreements:

> "The tax exemptions granted under this agreement are being granted only to the party

-4-

originally entering into this agreement.  Neither said exemptions nor the assets on which the exemptions are granted shall be transferred, assigned, or otherwise conveyed, except for sale in the normal course of York's business, to any other person or party or to any location outside the enterprise zone (as described in ordinances of the City of Elyria) without the advance written consent of Elyria, which consent Elyria agrees that it will not unreasonably withhold."

Plaintiffs direct the Court to this clause as support for their allegation of breach and as sufficient rebuttal to the challenge of a motion to dismiss.  They insist that "a complete transfer of all assets, at a time when the plant was operating profitably, and without even seeking consent," was a repudiation of York's commitment and thus, states a viable cause of action.

The Court's attention is further directed to the initial paragraph of the 1993 Agreement, which sets forth York's commitment to improve, renovate and maintain its current manufacturing facility at the "project" site.  Moreover, in paragraph 4, the "project" was designated to have a ten-year duration, "commencing with the calendar year 1994 and ending with the calendar year 2003."  Plaintiffs assert that abandoning the "project" in 2001 demonstrates a colorable breach of that ten-year promise.

For all of the foregoing reasons, York's Motion to Dismiss the breach of contract claims is overruled.

**INTENDED BENEFICIARIES**

York argues that even if the Elyria City School District and the Lorain County Board of Education are conceded to be third-party beneficiaries of the Enterprise Zone Agreements, they are not intended beneficiaries and should not be plaintiffs to this action.  Because that determination hinges upon an examination of facts and the application of the "intent to benefit" test, the Court cannot resolve it at the motion to dismiss stage.  *Hill v. Sonitrol of Southwestern Ohio, Inc*., 36 Ohio St. 3d 36 at 40

(1988), quoting Norfolk & Western Co. v. United States, 641 F. 2d 1201, 1208 (6th Cir. 1980). York's motion to dismiss the School District and the Board of Education as plaintiffs is denied.

**DETRIMENTAL RELIANCE**

Plaintiffs are permitted to plead both contract and equitable claims – that is, they may plead in the alternative. Fed R. Civ. P. 8 (e)(2). *Teknol, Inc. v. Buechel*, 1999 WL 33117391 (S.D. Ohio). They have alleged that the language of the Agreement speaks of a promise to "improve, renovate and maintain" the project for a ten-year time frame. They also contend that evidence will show that manufacturing facilities do not normally close overnight; and that York was not at liberty, with the Agreement in place, to decide to move its entire operation out of Elyria "at will". In Ohio, it is well-settled that a plaintiff may not recover under an equitable theory when a valid, express contract covers the same subject matter. *Ullmann v. May*, 147 Ohio St. 468 (1947)(syllabus ¶ 4). Nonetheless, a plaintiff is not precluded from pleading alternatively, particularly where the existence or enforceability of the agreement is questionable. *Teknol, supra; Ullmann, supra*. If recovery under the Agreement is unavailing because the contractual remedies cannot make Elyria whole, then the plaintiffs can attempt to prove that they relied to their detriment upon York's promises. The detrimental reliance claim survives York's motion to dismiss.

**UNJUST ENRICHMENT**

Plaintiffs' unjust enrichment claim does not prevail against the challenge of a 12(b)(6) dismissal. Through the contractual arrangement created by the 1993 Agreement, the Plaintiffs benefitted as well as York. Although not fully realized at the start of the project's term, Elyria benefitted by increased

-6-

employment opportunities for its citizens and by development which may have drawn other businesses to the area, increasing revenue to the community at large. In exchange, York received tax abatements. York's "enrichment", then, was not unjust. As a rule, an unjust enrichment claim is not recognized if plaintiffs also seek recovery under a valid contract. *Weiper v. W.A. Hill & Assocs.*, 104 Ohio App. 3d 250 at 262 (1995). York's motion to dismiss the unjust enrichment claim is granted.

## **RECOVERY OF TAXES**

York argues, in its motion, that plaintiffs are time-barred from recovering previously-abated personal property taxes. The Tax Commissioner has the exclusive authority to assess, or to modify an assessment of, all taxable personal property in Ohio; and, furthermore, has only two years from the issuance of a preliminary assessment certificate in which to do so. Ohio Revised Code Section 5711.24. The last tax year for which any abatement was granted to York relating to the Elyria plant operations was 1999. Plaintiffs have failed to commence an action within the applicable limitation period. Therefore, to the extent that Plaintiffs seek to recover damages in the nature of reduced taxes, their prayer for relief cannot stand.

## **PUNITIVE DAMAGES**

The Court agrees with Defendant York that plaintiffs' claim for punitive damages must be dismissed. If plaintiffs are relying upon a "bad faith" breach of contract, their pleading is lacking, because that unique tort requires factual allegations apart from the basic contract theory of liability. *Goldfarb v. The Robb Report, Inc.*, 101 Ohio App. 3d 134, 140 (10th Dist. 1995). "The Sixth Circuit has further held that when the gravamen of the plaintiff's pleadings is a breach of contract, appending a claim that the breach was malicious does not convert the action into one for tort." *Teknol,*

*supra*, citing *Battista v. Lebanon Trotting Assoc.*, 538 F. 2d 111 (6th Cir. 1976). Circuit Judge Bailey Brown notes, moreover, in *Schachner v. Blue Cross and Blue Shield of Ohio*, 77 F. 3d 889, 897 (6th Cir. 1996) that, in Ohio, "tort actions are generally unavailable in breach of contract cases no matter how willful or malicious the breach". Furthermore, this Court observes that Plaintiffs' complaint lacks even the slightest allegation of actual malice essential to a punitive damages claim. *Rice v. Certainteed Corp.*, 84 Ohio St. 3d 417, 422 (1999).

### III. CONCLUSION

Having presumed all allegations in the complaint to be true, and making all reasonable inferences in favor of the Elyria plaintiffs, this Court finds that defendant York's Motion to Dismiss under Rule 12 (b)(6) must be granted as to the claims of the Auditor and the Treasurer; the claim for unjust enrichment; the recovery of previously-abated taxes; and punitive damages. The Elyria City School District and the Lorain County Board of Education have standing to be plaintiffs along with the City of Elyria. Finally, the claims for breach of contract and detrimental reliance survive the motion to dismiss and remain pending for adjudication. Based upon this ruling, and in view of the fact that the deadline for the amendment of pleadings has expired, plaintiffs' Motion for Leave to File an Amended Complaint for Declaratory Judgment is denied.

**IT IS SO ORDERED**.

**DATE**: June 7, 2005

/s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)