UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF ELYRIA, OHIO, et al., | ) | CASE NO. 1:03CV2079 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| YORK INTERNATIONAL CORP., | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the court upon the Motion of Mark Stewart, Lorain County Auditor, for Summary Judgment (ECF DKT #58); Motion of Plaintiff City of Elyria, Ohio for Summary Judgment (ECF DKT #59); Motion of Plaintiff, Elyria City School District Board of Education, for Summary Judgment (ECF DKT #61); Motion of Defendant York International Corp. for Summary Judgment (ECF DKT #63); and Motion of Defendant York International Corp. to Strike Plaintiffs' Expert Report (ECF DKT #82).

For the reasons that follow, and upon due consideration of the briefs, arguments, and applicable law, all of the above-mentioned motions are overruled.

**I. FACTUAL BACKGROUND**

On April 16, 1991, the City of Elyria ("Elyria") passed Ordinance No. 91-71, identifying the new Elyria Enterprise Zone. Elyria and York International Corp. ("York") entered into the first Enterprise Zone Agreement on September 6, 1991 and then entered into the second Enterprise Zone Agreement on December 30, 1993. Both Agreements spoke of ten-year "projects", with certain levels of capital investment, personal property, and employment to be accomplished and/or maintained in exchange for tax abatements. Exhibit "D" to both Agreements provided a table of "penalties" in the form of reduced tax abatement percentages for any tax year in which the required employment levels were not met. The initial paragraph of the 1993 Agreement sets forth York's commitment to improve, renovate and maintain its current manufacturing facility at the "project site." Moreover, in paragraph 4, the "project" was designated to have a ten-year duration, "commencing with the calendar year 1994 and ending with the calendar year 2003." Furthermore, paragraph 9 of the 1993 Agreement recites in pertinent part:

> "The tax exemptions granted under this agreement are being granted only to the party originally entering into this agreement. Neither said exemptions nor the assets on which the exemptions are granted shall be transferred, assigned, or otherwise conveyed, except for sale in the normal course of York's business, to any other person or party or to any location outside the enterprise zone (as described in ordinances of the City of Elyria) without the advance written consent of Elyria, which consent Elyria agrees that it will not unreasonably withhold."

In August of 2001, York decided to shut down and move its operations to Wichita, Kansas. Elyria joins with the Elyria City School District Board of Education in this lawsuit, alleging breach of contract claims against York and seeking prospective damages under the 1993 Enterprise Zone Agreement.

Plaintiffs and Defendant have filed cross-motions for summary judgment. By virtue of the arguments presented, Plaintiffs are conceding that their detrimental reliance claims and claims under the 1991 Enterprise Zone Agreement are no longer being pursued and are removed from this Court's consideration. In addition, the parties have filed a stipulation of dismissal as to York's Counterclaims. Thus, any dispositive motions or arguments regarding the Counterclaims are deemed moot.

## II. LAW AND ANALYSIS

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)**.** The court must view all evidence and reasonable inferences in favor of the nonmoving party, in order to determine whether or not there is a genuine issue of material fact for trial. *Id.* at 255. An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id.* at 248. Summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne*, *Inc*., 48 F. 3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

Upon thorough consideration of all of the briefs and arguments, the Court is convinced that numerous crucial and genuine issues of fact remain for the jury's

determination. Consequently, summary judgment is inappropriate for Plaintiffs as well as for Defendant. These issues are:

    1. Whether the 1993 Enterprise Zone Agreement required Defendant York to operate its Elyria facility for the ten-year term and required of Elyria a ten-year commitment to provide tax abatements. (Section 1(a) of the Agreement).

    2. Whether, by closing the Elyria plant and/or closing the plant and moving the equipment and personal property without seeking permission, Defendant York breached the 1993 Enterprise Zone Agreement. (Paragraph 9 of the Agreement)

    3. Whether, if the jury determines that Defendant York breached the Agreement, the Elyria plaintiffs suffered damages as a proximate result, and in what amount. Both Plaintiffs and Defendant intend to present the expert testimony of economists. It is the sole province of the jury to use or disregard either expert opinion or to consider part, but not all, of any expert's testimony.

The parties spend a good deal of time arguing in the alternative as to certain terms in the Agreement. Most particularly, there is discussion about the meaning of "maintain." The Court finds that the 1993 Enterprise Zone Agreement, in its totality, is clear and unambiguous. Further, the parties are sophisticated entities who jointly participated in the drafting of the Agreement. The jury will be instructed to apply the plain meaning of any words; and the Court will bar the presentation of parol evidence, i.e., matters prior to the execution of the Agreement, or outside of the "four corners" of the document at issue.

**Motion to Strike**

Defendant York has moved for an Order striking the second report of Plaintiffs' expert, James E. Zinser. This report was provided to York after the date set by the Court for the Plaintiffs' expert report, i.e., October 7, 2005.  Although the Court acknowledges that Plaintiffs have technically violated the Court-ordered expert/discovery deadlines, the harm has been cured.  The report was provided in ample time before the March 6, 2006 trial date. The report was provided with adequate time for York to depose Zinser on the contents of the second report and on the differences between it and his first submission.  In addition, York's own expert had the opportunity to review it prior to his own deposition.  The policy considerations behind the discovery rules – to avoid trials by ambush, unfair surprises, and inequitable advantages – have not been violated here.  Therefore, the Motion of Defendant York International, Corp. to Strike Plaintiffs' Expert Report (ECF DKT # 82 ) is overruled.

### III. CONCLUSION

Upon careful consideration of all of the briefs, arguments and applicable case law, the summary judgment motions of both Plaintiffs and Defendant are overruled, as there are genuine issues of material fact remaining for appropriate determination by a jury.

**IT IS SO ORDERED**.

DATE: _2/23/06_____

 /s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
**(Signed original on file)**